UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

IN RE APPLICATION OF E.M.I.S.
FINANCE B.V.FOR AN ORDER PURSUANT
TO 28 U.S.C. § 1782 TO TAKE
DISCOVERY FOR USE IN FOREIGN
PROCEEDINGS

25-mc-476 (JGK)

MEMORANDUM OPINION
AND ORDER

———————————————————————————

JOHN G. KOELTL, District Judge:

On October 23, 2025, E.M.I.S. Finance B.V. ("EMIS") filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 seeking discovery from Citibank, N.A., Deutsche Bank Trust Company Americas, and J.P. Morgan Chase & Co. (collectively, the "New York banks"), for use in proceedings pending in the United Arab Emirates ("UAE"). Application ("App."), ECF No. 1. On October 28, 2025, Judge Lewis J. Liman issued an order granting E.M.I.S.'s application ex parte.[1] ECF No. 9. Intervenors ICU Trading Limited, ICU Holdings Limited, Makar Paseniuk, and Kostyantyn Stetsenko subsequently intervened in this action and filed a motion to vacate that order and quash the resulting subpoenas. ECF No. 22. On March 6, 2026, Magistrate Judge Robyn F. Tarnofsky issued a Report and Recommendation recommending that the intervenors' motion be granted in part and denied in part. Report and Recommendation ("R&R") 1-2, ECF No. 44. The

———————————

[1] This case was originally assigned to Judge Liman; it was reassigned to this Court on December 16, 2025. See Dec. 16, 2025, Notice of Case Reassignment.

Magistrate Judge recommended that the subpoenas be partially quashed and issued in a revised form.[2] Id. at 2. EMIS now objects to certain revisions to the subpoenas recommended by the Magistrate Judge. ECF No. 47, at 1. For the reasons that follow, the objections are **overruled.**

## I.

The Court assumes familiarity with the facts and procedural history of this case as described in the Report and Recommendation, R&R 2-7, and recites only the facts necessary to resolve the intervenors' objections.

EMIS is a special-purpose company incorporated under the laws of the Netherlands and established to issue certain debt instruments. App. ¶ 1. EMIS and the intervenors, ICU Trading Limited, ICU Holdings Limited (together with ICU Trading Limited, "ICU"), Makar Paseniuk ("Paseniuk"), and Kostyantyn Stetsenko ("Stetsenko"), are parties to litigation pending in the UAE (the "UAE litigation"). ECF No. 47-2, at 2-3. The UAE litigation concerns, in relevant part, allegations by EMIS that the intervenors improperly refused to provide certain disclosures regarding the intervenor's business dealings, allegedly exposing EMIS to reputational and financial harm due to the risk that

---

[2] Magistrate Judge Tarnofsky also recommended that production be made pursuant to an appropriate protective order and that production be made to Paseniuk and Stetsenko at same time as EMIS. R&R 2. There is no objection to these requests.

individuals associated with ICU may have violated sanctions related to Russia's invasion of Crimea and Ukraine. Id. As relevant here, in 2014, in response to Russia's invasion of Crimea, the United States, United Kingdom, and European Union imposed sanctions barring certain debt and equity transactions with or involving designated entities, including Russia's state-owned Bank, VTB Bank. See Press Release, U.S. Dep't of Treasury, Announcement of Additional Treasury Sanctions on Russian Financial Institutions and on a Defense Technology Entity (July 29, 2014), https://home.treasury.gov/news/pressreleases/jl2590. Following Russia's invasion of Ukraine in 2022, additional sanctions were imposed; these new sanctions prohibited all transactions with VTB and its majority-owned subsidiaries. ECF No. 32-6, at ¶¶ 32, 48, 58.

On October 23, 2025, EMIS filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 seeking discovery from Citibank, N.A., Deutsche Bank Trust Company Americas, and J.P. Morgan Chase & Co., for use in the UAE litigation. See App. Judge Liman issued an order granting the application ex parte on October 28, 2025. ECF No. 9. ICU, Paseniuk, and Stetsenko subsequently intervened in this action and filed a motion to vacate the order and quash the resulting subpoenas. ECF No. 22. Magistrate Judge Tarnofsky issued a Report and Recommendation recommending that the intervenor's motion be granted in part and

3

denied in part. See R&R. The Magistrate Judge recommended that the Court (1) deny the motion to vacate the order issuing the subpoenas, (2) partially quash the subpoenas, and (3) allow the subpoenas to issue in a narrowed form as set forth in the Report and Recommendation. R&R 2. EMIS now objects to certain revisions to the subpoenas recommended by the Magistrate Judge. ECF No. 47, at 1.

## II.

28 U.S.C. § 1782 permits a court to order a person within its jurisdiction "to produce a document or other things for use in a proceeding in a foreign or international tribunal."[3] 28 U.S.C. § 1782(a). "[A] district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." Mees v. Buiter, 793 F.3d 291, 302 (2d Cir. 2015). A district court evaluating a § 1782 application may therefore tailor overbroad or unduly burdensome requests before issuing a discovery order. See id.

---

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

A magistrate judge's report and recommendation is reviewed de novo. See Watkins v. Ellesse LLC, No. 24-mc-23, 2024 WL 4582755, at *2 (S.D.N.Y. Oct. 25, 2024).

**III.**

**A.**

Currently at issue are certain revisions that the Magistrate Judge made to the subpoenas. In Request No. 1, EMIS requested that the New York banks produce "Any records of wire transfers, SWIFT messages, payment instructions or other records of transactions to or from" ICU Trading Limited, ICU Holdings Limited, CIS Opportunities Fund SPC Limited, Xomeric Holdings Limited, Burger King (Cyprus) Limited, Makar Paseniuk, Konstantyn Stetsenko, and any other entities or accounts owned or controlled by Paseniuk or Stetsenko. ECF No. 1-3, at 8. The Magistrate Judge observed, in relevant part, that

> EMIS's discovery requests contain no temporal limitations, even though certain of the sanctions at issue came into effect only after the 2022 invasion of Ukraine [and] seek "all" "records" of "transfers" and "transactions" involving seven entities and individuals without limitation to whether the counterparties were under sanctions at the time of the sanctions at the time of the transactions.

R&R 28.

The Magistrate Judge accordingly recommended limiting Request No. 1 by "[a]dding a date limitation of February 24, 2022 through October 24, 2025 and limiting the request to documents concerning transactions between ICU [Trading], ICU Holdings,

5

CIS, Xometric, Paseniuk, or Stetsenko on the one hand and VTB Bank and subsidiaries in which VTB Bank has a 50% or more ownership interest on the other." Id. The Magistrate Judge explained that "[t]he timeframe acknowledges that certain of the sanctions at issue only took effect after Russia's invasion of Ukraine in February 2022 and that the [application] was filed on October 24, 2025." Id. at 28-29. The Magistrate Judge also explained that "[t]he limitation on transactions strikes a balance between [the intervenors'] concerns about overbreadth and [EMIS]'s claims in the [UAE litigation] arising out of transactions between ICU [Trading], ICU Holdings, CIS, Xometric, Paseniuk, or Stetsenko on the one hand and the sanctioned entities, such as VTB Bank, on the other." Id at 29.

The Magistrate Judge added a new Request No. 2 for "any records of wire transfers, SWIFT messages, payment instructions, or other records of transactions between VTB Bank, on one hand, and any of the entities or individuals identified in [Request No. 1], on the other hand, from July 29, 2014 to October 24, 2025." Id. The Magistrate Judge explained that "[t]his addition captures a discrete set of transactions between VTB Bank and the named entities that fall outside the scope of [Request No. 1], as limited. The request strikes a balance between [the intervenors'] concerns about overbreadth and [EMIS]'s claims in the [UAE litigation] arising out of ICU's, Paseniuk's, and

Stetsenko's transactions with sanctioned entities, such as VTB Bank." Id.[4]

EMIS objects to the narrowed version of Request No. 1 on two grounds. First, EMIS objects to the Magistrate Judge's recommended limitations to the scope of the document request contained in Request No. 1 and argues that Request No. 1 should be broadened to capture transactions between, on one hand, ICU [Trading], ICU Holdings, CIS, Xometric, Paseniuk, or Stetsenko, and, on the other hand, VTB Bank and/or RCB Bank, a former subsidiary of VTB Bank, and other affiliated entities. See ECF No. 47, at 7-9, 12. In other words, EMIS argues that the subpoena should capture a wide swath of transactions that passed through either VTB Bank or RCB Bank. This argument is unpersuasive because it ignores the scope of the claims in the UAE litigation and the relevant sanctions. EMIS's application states that the intervenors' (and their affiliates') "transactions with sanctioned individuals or entities" form the basis of the claims in the UAE litigation. See App. ¶¶ 28, 29 (emphasis added). The narrowed Request No. 1 appropriately tailors the subpoena to capture transactions with the intervenors (and their affiliated entities) and the entities that were actually subject to

_____

[4] The Magistrate Judge also recommended revisions to the other subpoenas, see R&R 29-30, but there are no objections to those revisions.

7

sanctions during the relevant time periods (namely, VTB Bank and its majority-owned subsidiaries). See R&R 28-29.

EMIS also objects to the Magistrate Judge's recommendation to narrow Request No. 1 to capture transactions beginning in February 2022; EMIS contends that documents related to transactions beginning in 2014 are relevant to EMIS's claims in the UAE litigation. See ECF No. 47, at 10-11. But, as the Magistrate Judge explained, the narrowed Request No. 1 reflects that the sanctions at issue took effect in 2022 following Russia's invasion of Ukraine. R&R 28-29.

EMIS complains that the narrowed Request No. 1 excludes certain relevant documents from 2014 through 2022, but the Magistrate Judge drafted a new request, Request No. 2, to capture the otherwise relevant and proportional information otherwise excluded from narrowed Request No. 1 — namely, transactions between VTB Bank, on the one hand, and the entities and individuals named in Request No. 1, on the other, from July 29, 2014, to October 24, 2025. Id. at 29. EMIS never explains why New Request No. 2 is not sufficient to pick up reasonably responsive documents that may have been excluded by the reasonable narrowing of Request No. 1. The narrowing of Request No. 1 was therefore wholly appropriate to bring the subpoena within the scope of the purposes for which the subpoena was sought. See, e.g., In re Klein, No. 20-mc-203, 2022 WL 1567584, at *10 (S.D.N.Y. May 18,

8

2022) (denying overbroad discovery requests made pursuant to 28 U.S.C. § 1782 and directing the applicant to propose new document demands more closely tailored to the claims at issue in the foreign proceeding).

**B.**

No objections have been filed to the remainder of the Report and Recommendation, and the time for objections has passed. The Court finds that the Report and Recommendation is thorough and well-reasoned and should be adopted.

**CONCLUSION**

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are moot or without merit. For the foregoing reasons, the intervenors' objections to the Report and Recommendation are **overruled**. The Court adopts the Report and Recommendation in full.

The case is **remanded** to the Magistrate Judge to supervise the issuance of an appropriate order including the details of the protective order and the provision for reciprocal discovery.

The Clerk is respectfully requested to close ECF No. 22.

SO ORDERED.
Dated:    New York, New York
          April 14, 2026

_____
          John G. Koeltl
    United States District Judge

9