**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLICATION OF<br>E.M.I.S. Finance B.V.<br>Pursuant to 28 U.S.C. § 1782<br>For Judicial Assistance in<br>Obtaining Evidence in this District | **Case No. 1:25-mc-00476-JGK-RFT** |

**CONFIDENTIALITY STIPULATION**
**AND PROPOSED PROTECTIVE ORDER**

E.M.I.S. Finance B.V. (the "Applicant"), ICU Trading Ltd., ICU Holdings Ltd., Mr. Makar Paseniuk, and Mr. Kostyantyn Stetsenko (collectively, the "Intervenors"), by and through their respective counsel, have agreed to the terms of this Stipulated Protective Order. The Court having found that good cause exists for the issuance of a confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and that this Stipulated Protective Order conforms to the recommendations contained in the Report and Recommendation issued by Judge Tarnofsky in the above-captioned proceedings (ECF No. 44) and adopted by Judge Koeltl (ECF No. 55), it is hereby ORDERED that the parties to this proceeding (including, for the avoidance of doubt, the Applicant, Intervenors, and Respondents), their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1.      Counsel for Intervenors or Respondents may designate any document or information, in whole or in part, as confidential that counsel reasonably and in good faith believes contains non-public, commercially sensitive, or otherwise protected information ("Confidential Information"). All documents or information produced in the above-captioned proceedings shall be treated presumptively as Confidential Information until ten business days after their production, after which any documents or information not designated as Confidential Information by counsel

for the Intervenors or Respondents shall lose the protections described in paragraph 5 below. Respondents shall make productions to Applicant and Intervenors simultaneously.

2.        Any documents or information produced by the Respondents in this action (the "Discovery Materials") may be held and used by the Applicant or Applicant's agents solely for use in connection with the above-captioned proceedings or E.M.I.S. Finance B.V. v. ICU Trading Ltd., Kostyantyn Stetsenko, and Makar Paseniuk (Civil Case No. 151/2026 (Civil Plenary)) (the "UAE Proceeding"). Except as ordered by the Court, Confidential Information will not be used or employed for any other action, proceedings, or purpose whatsoever.

3.        Applicant shall not in any way oppose or impede any application by the Intervenors to seek additional protections from the court overseeing the UAE Proceeding to prevent the disclosure of their Confidential Information to third parties, including but not limited to a confidentiality order or an order preventing third parties from accessing the case file in the UAE Proceeding.

4.        In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.        Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The Applicant, Intervenors, and their counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the present

action or the UAE Proceeding;

    c.    Consultants or experts assisting in the prosecution or defense of the matter in the present action or the UAE Proceeding, to the extent deemed necessary by counsel; and

    d.    This Court and the court presiding over the UAE Proceeding (including a court-appointed expert, the mediator, or other person having access to any Confidential Information by virtue of his or her position with this Court or the UAE court).

6.     Prior to disclosing or displaying Confidential Information to any person (other than those identified in paragraph 5(a), 5(b), and 5(d)), counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the UAE Proceeding or this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign a Non-Disclosure Agreement to be bound by this Order in the form attached as Exhibit A.

    d.    Counsel must retain each signed Non-Disclosure Agreement and produce it upon request to the Intervenors and the producing Respondent in a timely manner.

7.     For the avoidance of doubt, no party shall be permitted to disclose any Discovery Materials obtained in this proceeding to a litigation funder or any third-party providing litigation financing to a party to this proceeding.

8.     Nothing in this Order shall preclude a receiving party from producing

Confidential Information in response to a lawful subpoena, court order, compulsory process, or if required by law or by a government agency or regulator having jurisdiction, provided that, unless prohibited by law and where reasonably practicable, the receiving party shall give prompt written notice to the producing party so the producing party may seek appropriate protection.

9.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10.      Any unredacted Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11.      Pursuant to Federal Rule of Evidence 502, the production of privileged or protected documents or communications, electronically stored information ("ESI") or work product information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness

and/or segregation of privileged and/or protected information before production.

12. At the conclusion of the UAE Proceeding, Applicant shall promptly (and in no event later than 30 days after Final Disposition of the UAE Proceeding) return to the producing party, or, upon permission of the producing party, destroy all Confidential Information and any copies thereof. For purposes of this Order, "Final Disposition of the UAE Proceeding" means the later of: (i) the final resolution of the UAE Proceeding, and (ii) the completion and exhaustion of all appeals, cassation proceedings, rehearings, remands, retrials, reviews, reconsideration applications, annulment or set-aside applications, or any analogous procedures under applicable law, together with the expiry of all applicable time limits for commencing any such step or seeking any extension of time. Notwithstanding the foregoing, outside counsel may retain archival copies of pleadings, motion papers, correspondence, expert materials, attorney work product, and materials filed with or served in the proceeding, even if such materials contain Confidential Information, provided that any such retained material remains subject to this Order.

13. This Order will survive the termination of this action and will continue to be binding upon all persons subject to this Order to whom Discovery Materials is produced or disclosed. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

The Clerk of Court is respectfully requested to terminate ECF 59.

Dated: May 14, 2026
  New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

5

Dated: May 13, 2026

Respectfully Submitted,

/s/ Kevin Kaplan

Kevin C. Kaplan, Esq.
(*pro hac vice*)
Florida Bar No. 933848
kkaplan@coffeyburlington.com
Scott A. Hiaasen, Esq.
shiaasen@coffeyburlington.com
(*pro hac vice*)
Florida Bar No. 103318
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
T: (305) 858-2900
F: (305) 858-5261

/s/ Lina Bensman

Lina Bensman
lbensman@cgsh.com
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Intervenors ICU Trading Ltd.,
ICU Holdings Ltd., Makar Paseniuk and
Kostyantyn Stetsenko*

/s/ Kayley McGrath

Kayley R. McGrath, Esq.
Sive, Paget & Riesel, P.C.
560 Lexington Avenue, 15th Floor
New York, NY 10022
(212) 421-2150
kmcgrath@sprlaw.com

*Counsel for Applicant E.M.I.S. Finance B.V.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE APPLICATION OF
E.M.I.S. Finance B.V.
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in
Obtaining Evidence in this District

**Case No. 1:25-mc-00476-JGK-RFT**

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 20__

_____
Name (printed)

Signed in the Presence of:

_____
(Attorney)